**BLOCK LLP**
Alexander C. Safarian (SBN 311520)
Ryan G. Block (SBN 303588)
3500 W. Olive Avenue, Third Floor
Burbank, California 91505
Tel. (818) 714-0655
info@blockllp.com

Attorneys for Plaintiff,
ILHAM TOUMA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ILHAM TOUMA**, an individual<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA; UNITED STATES POSTAL SERVICES aka USPS**, an independent agency of the executive branch of the United States Federal Government**;** DOES 1 through 50;<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **MOTOR VEHICLE NEGLIGENCE**<br>2. **GENERAL NEGLIGENCE** |

COMES NOW the plaintiff, ILHAM HABIB TOUMA (hereinafter referred to as "Plaintiff" or "TOUMA"), who alleges and complains against Defendants, and each and all of them as follows.

////

////

////

////

-1-
**COMPLAINT FOR DAMAGES**

# I.
# JURISDICTION

1. This action is brought pursuant to the Tort Claims Act, 28 U.S.C. §2671 et seq.  Jurisdiction is founded on 29 U.S.C. §§1346(b).

# II.
# VENUE

2. Venue is proper in the Central District of California.  The motor vehicle accident giving rise to this complaint occurred near Victoria Avenue in Oxnard, California which is within the present judicial district.  Plaintiff also resides within this judicial district.

# III.
# PARTIES

3. Plaintiff ILHAM HABIB TOUMA (hereafter "PLAINTIFF") is and at all relevant times was a resident of Los Angeles County, California.

4. At all times relevant herein, the Defendant the UNITED STATES OF AMERICA is a governmental agency. The Defendant UNITED STATES POSTAL SERVICE was and is an agency of the Defendant the UNITED STATES OF AMERICA.

# IV.
# FACTS COMMON TO ALL ACTIONS

5. Plaintiff, ILHAM HABIB TOUMA (Plaintiff) is, and at all times relevant herein was, an individual residing in Los Angeles, California.

6. "Plaintiff is informed and believes and based thereon alleges that Defendant, UNITED STATES POSTAL SERVICES ("USPS") is and all times relevant herein was, an independent agency of the executive branch of the United States federal government.

7. Jonathan Joesph Eurr was acting in the course and scope of employment for the USPS as the driver of one of the vehicles involved in a collision on or about November 3, 2020, which injured Plaintiff.

8. The true names and capacities, whether an individual, corporate, associate, or otherwise, of the defendants named herein as DOES 1 through 10 (hereinafter "DOE Defendants"), inclusive, are unknown to Plaintiff, who therefore sues said DOE Defendants under such fictitious names under Section 474 of the Code of Civil Procedure. Plaintiff will amend this complaint to allege their true names and capacities when the same has been ascertained. Plaintiff is informed and believes, and therefore alleges, that each of the fictitiously named DOE Defendants is responsible in some manner for the occurrences hereinafter alleged, and that Plaintiff's damages as hereinafter set forth were legally caused by said DOE Defendants. Defendants and DOE Defendants are hereinafter collectively referred to as the "Defendants."

9. Plaintiff was headed northbound on Victoria Avenue in lane three of three in Oxnard, California on or about November 3, 2020 in a 2020 Land Rover identified by California license plate number U235YG.

10. Defendant was also heading northbound on Victoria Avenue in Oxnard, California in a standard issued Grumman LLV USPS delivery vehicle. The vehicle was identified by license number 2219617.

11. At approximately 11:04 AM Pacific Standard Time, Plaintiff was stopped near the intersection of Wooley Road and Victoria Avenue. The traffic signal at the intersection was a solid red and pursuant to California Vehicle Code section 21453, motorists shall stop before

entering the intersection, crosswalk, or at the marked line. Accordingly, Plaintiff was in compliance with California law during this time.

12. Shortly thereafter, Defendant, without warning, suddenly and violently collided with the rear end of Plaintiff's vehicle.

13. Defendant was the actual and proximate cause of the collision and Plaintiff in know way contributed to the collision.

14. As a result of the collision caused by Defendant, Plaintiff suffered damages to her personal property and in the form of bodily injuries.

## V.

## FIRST CAUSE OF ACTION

### (Motor Vehicle Negligence)

### Against Defendants and DOES 1-50

15. Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

16. Defendants owed Plaintiff a duty of reasonable/due care as well as statutory duties established by the California Vehicle Code.

17. Defendants breached their duty of reasonable due care as well as one or more of the duties established by the California Vehicle code, including but not limited to, Vehicle Code section 21801(a). Such conduct constitutes *negligence per se*.

18. Defendants' negligence proximately and actually caused Plaintiff to suffer serious and ongoing personal injuries and great physical, mental, and emotional pain and suffering, all to her general damage in an amount that exceeds the jurisdictional limits of the Superior Court.

////

19. Further, as a direct and legal result of the hereinabove alleged negligence of the Defendants, and the injuries caused thereby, Plaintiff was forced to incur, and will continue to be forced to incur, various medical costs and expenses as special damages in an amount to be determined at the time of trial herein.

20. Further, as a direct and legal result of the hereinabove alleged negligence of the Defendants, Plaintiff has lost, and will continue to lose wages, earning capacity and income, all to her special damage in an amount to be determined at the time of trial herein.

## SECOND CAUSE OF ACTION

### (General Negligence)

### Against Defendants and DOES 1-50

21. Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

22. Defendants owed Plaintiff a duty to action with reasonable and due care.

23. Defendants breached their duty to Plaintiff by driving negligently and/or recklessly.

24. Defendants' negligent and/or reckless conduct caused Plaintiff to suffer serious harm and damages.

25. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

26. As a proximate result of Defendants' negligence, Plaintiff has suffered special and general damages in amounts to be determined at trial, but in excess of the jurisdictional limits of this Court.

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For general damages in an amount to be proved at trial but substantially in excess of the jurisdictional limits of this Court;

B. For special damages in an amount to be proven at trial, including but not limited to medical care treatment, rehabilitation, attendant care costs, loss of income, wages and earning potential.

C. For costs of suit herein incurred; and

D. For such other relief and further relief as the Court may deem just and proper.

DATED: February 17, 2022           BLOCK LLP

By: *Alexander Safarian*
ALEXANDER SAFARIAN, ESQ.
Attorney for Plaintiff,
ILHAM TOUMA

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury.

**BLOCK LLP**

By: *Alexander Safarian*
ALEXANDER SAFARIAN, ESQ.
Attorney for Plaintiff,
ILHAM TOUMA